IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIAN MARTIN,<br>        Plaintiff,<br><br>        vs.<br><br>CITY OF CHICAGO,<br>a municipal corporation,<br>OFFICER B. BERKA, Star #11187,<br>a Chicago Police Officer,<br>in his individual capacity,<br>OFFICER M. ROMERO, Star #10926,<br>a Chicago Police Officer,<br>in his individual capacity,<br><br>        Defendants. | FILED: NOVEMBER 26, 2008<br>08 CV 6815<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE COLE<br>CH |

## COMPLAINT

### Jurisdiction/Venue

1. The incident occurred on June 3, 2007 in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

### Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendant Officers Berka and Romero

who were acting under color of law and in the course and scope of their employment with the City of Chicago.

5. Plaintiff's date of birth is December 2, 1989.

6. On June 3, 2007, Plaintiff was 17 years old, therefore a minor.

7. Plaintiff turned 18 years old on December 2, 2007 the beginning date of accrual for statute of limitation purposes, and thus the incident is within the statute of limitations.

Facts

8. On or about June 3, 2007, Plaintiff was in the vicinity of 5400 W. Thomas Street, Chicago, Illinois.

9. Plaintiff was a backseat passenger in a car that was stopped by Defendant Officers Berka and Romero at 5400 W. Thomas Street, Chicago, Illinois.

10. Defendant Officers Berka and Romero pulled over the vehicle and discovered the driver of the vehicle did not have a valid driver's license.

11. Then and there, Defendant Officers Berka and Romero without lawful justification handcuffed all the passengers of the car together.

12. The driver of the car was able to slip out of his handcuffs and made an escape. Plaintiff continued to obey the officer's commands.

13. Defendant Officers Berka and Romero then falsely arrested Plaintiff and charged him with no registration of license plates, driving without a license, operating a motor vehicle without insurance, driver not wearing a seat belt, failure to display a city vehicle sticker, failure to display registration and possession of a controlled substance even though these officers knew the Plaintiff was not the driver of the vehicle and the officers knew the Plaintiff did not possess any controlled substances.

14. On June 23, 2008, all misdemeanor and felony charges were terminated in the Plaintiff's favor in a manner consistent with the innocence of the Plaintiff.

15. Plaintiff spent two days in custody at Cook County Jail and was forced to defend himself against the criminal charges for a period of approximately 385 days.

16. As the proximate result of all the aforementioned actions by Defendants Berka and Romero, the Plaintiff suffered emotional pain and suffering and loss of freedom.

### COUNT I – 42 U.S.C. § 1983 False Arrest

(Plaintiff v. Defendants Berka and Romero)

17. Plaintiff re-alleges what has been previously alleged in this Complaint.

18. The actions of Defendants Berka and Romero in falsely seizing, searching and ultimately arresting Plaintiff without probable cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

19. As the proximate result of all the aforementioned actions by Defendant Officers Berka and Romero, Plaintiff suffered loss of freedom and pain and suffering.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and §1988, Plaintiff demands compensatory damages against Defendant Officers Berka and Romero because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

### COUNT II – Illinois State Law Claim of False Imprisonment

(Plaintiff v Defendant City of Chicago)

20. Plaintiff re-alleges what has been previously alleged in this Complaint.

21. One or more police officers with the City of Chicago, placed handcuffs on the Plaintiff and arrested him, thus restricting his freedom of movement, and this was done without legal justification.

22. The actions of one or more police officers with the City of Chicago were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

23. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the city of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus the costs of the action, plus any and other additional relief as this Court deems equitable and just.

## COUNT III – Illinois State Law Claim of Malicious Prosecution

(Plaintiff v Defendants Berka, Romero and City of Chicago)

24. Plaintiff re-alleges what has been previously alleged in this Complaint.

25. Plaintiff was falsely charged by Defendants Berka and Romero with misdemeanor and felony offenses, even though Defendants Berka and Romero, the sole complaining witnesses in this case, knew there was no probable cause for these charges to be filed against the Plaintiff. The Defendants took such actions with malice intent to prosecute the Plaintiff in an effort to cover-up the actions of themselves and all the other Defendants.

26. Defendants Berka and Romero's actions played a substantial role in the prosecution of the Plaintiff.

27. In taking these actions, Defendants Berka and Romero acted within the course and scope of their employment with the City of Chicago, and thus the City of Chicago is liable based on the theory of respondeat superior.

28. On June 23, 2008, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

29. As a result of the actions described in this complaint, the Plaintiff suffered emotional pain and suffering and a loss of freedom, as described more fully above.

WHEREFORE, Plaintiff demands compensatory damages against Defendants Berka, Romero and City of Chicago, plus punitive damages against Defendants Berka and Romero, plus costs, and other and additional relief as this Court deems equitable and just.

### COUNT IV – Indemnification
(Plaintiff v. City of Chicago)

30. Plaintiff re-alleges what has been previously alleged in this Complaint.

31. Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendant Officers Berka and Romero who took their actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

WHEREFORE, should Defendant Officers Berka and Romero be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                      Respectfully submitted,

                                      By:    /s/  Brian J. Barrido

                                      Brian J. Barrido
                                      One of the Attorneys for Plaintiff

Brian J. Barrido
Dvorak, Toppel & Barrido, LLC
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)
brian.barrido@civilrightsdefenders.com

ARDC No. 6274524